**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Ernest Cannon, Individually and as the Guardian of Kristen Cannon | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation | ) <br> ) <br> ) |
| Defendant | |

Case No. 4:15-cv-1600

## <u>NOTICE OF REMOVAL</u>

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation ("BCBSTX"), hereby removes Cause No. 15-13994-012-10 from the 12th Judicial District Court of Madison County, Texas to the United States District Court for the Southern District of Texas.

### Background

1.      On May 5, 2015, Plaintiff Ernest Cannon, both Individually and as Guardian of Kristen Cannon ("Plaintiff") filed a Petition in the 12th Judicial District Court of Madison County, Texas against BCBSTX, in Cause No. 15-13994-012-10 (the "State Court Action").  A copy of the Petition is included within the Appendix hereto as Exhibit 3.

2.      BCBSTX was served with the citation and Petition on May 11, 2015.

3.      The Petition purports to assert three causes of action including: (a) breach of contract; (b) violations of the Texas Insurance Code, Art. 541; and (c) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  *See* Petition at 3-4.

4.      Plaintiff seeks relief in the form of actual damages, statutory penalties, mental anguish damages, treble damages and attorney's fees.  *See* Petition at 4-5.

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000, exclusive of interest and costs, is at stake.

6.      Plaintiff alleges that he resides in the State of Texas.  Petition at 1 (Appendix at Exhibit 3).

7.      BCBSTX is an unincorporated division of Health Care Service Corporation, which is an Illinois corporation with its principal place of business in Illinois.  *See* Appendix at Exhibit 6, MacRae Dec. ¶ 2.  Therefore, there is complete diversity between Plaintiff and Defendant in this action.

8.      Plaintiff indicates that he seeks damages of $50,000 to $75,000. [1]  Appendix at Exhibit 3.  However, Plaintiff also seeks statutory penalties, mental anguish damages, treble damages, and attorney's fees.  It is therefore apparent from an analysis of Plaintiff's allegations that the amount in controversy in this action exceeds the jurisdictional sum of $75,000.00.  *See St. Paul Reinsurance Co, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  Therefore, the amount in controversy is greater than $75,000.00 in this action.

---

[1] This allegation appears to be designed to comply with Tex. R. Civ. P. 47, which requires parties to specify a range of monetary relief sought.  However, this allegation does not comply with the rule, which requires that a party specify he seeks $100,000 or less, or ranges above $100,000. *See* Tex. R. Civ. P. 47.

**All Procedural Requirements for Removal Have Been Satisfied**

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a true and correct copy of all process, pleadings and orders from the State Court Action which have been served upon Defendant are being filed with this Notice of Removal in the Appendix.

10.     This Notice of Removal has been filed within 30 days of the date that Defendant was served with the citation and Petition in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Southern District of Texas is the federal judicial district embracing the District Court of Madison County, Texas where the State Court Action was originally filed.

**Conclusion**

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

3

Dated:  June 8, 2015                                      Respectfully submitted,


                                            By:/s/ Andrew F. MacRae
                                            ANDREW F. MACRAE
                                            State Bar No. 00784510
                                            LEVATINO|PACE LLP
                                            1101 S. Capital of Texas Hwy
                                            Building K, Suite 125
                                            Austin, Texas 78746
                                            Tel:  (512) 637-1581
                                            Fax:  (512) 637-1583
                                            andrew@lpfirm.com

                                            Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2015, I filed the foregoing Notice of Removal through the CM/ECF system, and served a copy of the Notice of Removal on all counsel of record, as follows:

***Via U.S. Mail***
Kevin R. Knight
Roger Knight, Jr., Inc.
P.O. Box 925
Madisonville, Texas 77864


<u>         /s/ Andrew F. MacRae         </u>
Andrew F. MacRae